IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD., and VIIV HEALTHCARE UK (NO. 3) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | Civil Action No. 18-224-CFC |

**AMENDED SCHEDULING ORDER PURSUANT TO
MAY 16, 2019 TELEPHONIC STATUS CONFERENCE**

This 23rd day of May, 2019, the Court having conducted a telephonic status conference on May 16, 2019 and requested the parties to submit an amended scheduling order pursuant to the Court's Patent Case Form Scheduling Order for Cases Where Infringement Is Alleged – Revised April 22, 2019, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Relevant Deadlines and Dates</u>. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2. <u>Rule 26(a)(1) Initial Disclosures</u>. On <u>June 21, 2018</u>, the parties made their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), pursuant to the Court's June 11, 2018 Scheduling Order. (D.I. 15, 16, 17.)

3.  <u>Disclosure of Asserted Claims and Infringement Contentions</u>.  On <u>June 21, 2018</u>, Plaintiffs identified the accused products, and its damages model, as well as the asserted patent that the accused products allegedly infringe and produced the file history for the asserted patent, pursuant to the Court's June 11, 2018 Scheduling Order. (D.I. 15, 16.)  On <u>September 20, 2018</u>, Plaintiffs served their Initial Claim Chart relating each known accused product to the asserted claims each such product allegedly infringes, pursuant to the Court's June 11, 2018 Scheduling Order. (D.I. 15, 37.)  Absent agreement among the parties, and approval of the Court, no later than <u>July 19, 2019</u>, Plaintiffs must finally supplement, *inter alia*, the identification of all accused products.  By <u>September 13, 2019</u>, Plaintiffs shall provide Final Infringement Contentions.[1]

4.  <u>Invalidity Contentions</u>.  On <u>October 25, 2018</u>, Defendant served its Initial Invalidity Contentions for each asserted claim, as well as the known related invalidating references on Plaintiffs, pursuant to the Court's June 11, 2018 Scheduling Order. (D.I. 15, 42.)  Absent agreement among the parties, and approval of the Court, no later than <u>July 19, 2019</u>, the Defendant must finally supplement, *inter alia*, the identification of all invalidity references.  By <u>September 13, 2019</u>, Defendant shall provide Final Invalidity Contentions.[2]

5.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, should have been filed on or before <u>February 21, 2019</u>, pursuant to the Court's November 2, 2018 Scheduling Order, except that the deadline

---

[1] The parties are aware of the Court's modifications to the requirements for Infringement and Invalidity Contentions in the Patent Case Form Scheduling Order for Cases Where Infringement Is Alleged – Revised April 22, 2019.  As the parties submitted Initial Infringement and Invalidity Contentions pursuant to a previous Scheduling Order (D.I. 15) that did not include these requirements, the parties respectfully request an opportunity to serve Final Infringement and Invalidity Contentions.

[2] *See supra* n.1.

to amend pleadings to assert defenses or counterclaims pertaining to unenforceability shall be filed <u>August 5, 2019</u>. (D.I. 44.)

  6. <u>Discovery</u>.

    (a) <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before <u>April 17, 2020</u>. All fact discovery in this case shall be initiated so that it will be completed on or before <u>October 4, 2019</u>.

    (b) <u>Document Production</u>. Document production shall be substantially completed on or before <u>June 14, 2019</u>.

    (c) <u>Requests for Admission</u>. A maximum of <u>25</u> requests for admission are permitted for each side.

    (d) <u>Interrogatories</u>. A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.

    (e) <u>Depositions</u>.

      i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>100</u> hours of taking testimony by deposition upon oral examination. Each hour of a deposition conducted in a foreign language will only count against this limit as 40 minutes. The parties will coordinate timing and location of any Japanese or ex-US witnesses.

      ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or

third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

7. <u>Pinpoint Citations</u>. Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

8. <u>Application to Court for Protective Order</u>. On <u>August 7, 2018</u>, the Court issued an order entering the Protective Order in this case. (D.I. 32.)

9. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a) Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

ME1 30497035v.1

(b)  By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)  Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 7 and 11 of this Order.

(d)  If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

10.  <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

11.  <u>Hard Copies</u>.  The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 9 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 16 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Exhibits and attachments shall be separated by tabs. Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify

the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

12. <u>Claim Construction Issue Identification</u>. On <u>November 15, 2018</u>, the parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s), pursuant to the Court's November 2, 2018 Scheduling Order. (D.I. 44, 46, 47.) These documents were not filed with the Court. On <u>December 13, 2018</u>, the parties filed a Joint Claim Construction Chart, pursuant to the Court's November 2, 2018 Scheduling Order. (D.I. 44, 49.)

13. <u>Claim Construction Briefing</u>. On <u>January 8, 2019</u>, the Plaintiffs served their opening brief. (D.I. 56.) On <u>January 24, 2019</u>, the Defendant served its answering brief. (D.I. 68.) On <u>February 7, 2019</u>, the Plaintiffs served their reply brief. (D.I. 69.) On <u>February 14, 2019</u> the Defendant served its sur-reply brief. (D.I. 70.) On <u>February 20, 2019</u>, the parties filed a Joint Claim Construction Brief, pursuant to the Court's November 2, 2018 Scheduling Order. (D.I. 44, 71.)

14. <u>Hearing on Claim Construction</u>. Beginning at <u>11:00 a.m.</u> on <u>March 20, 2019</u>, the Court heard argument on claim construction.

15. <u>Disclosure of Expert Testimony</u>.

(a) <u>Expert Reports</u>. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>November 15, 2019</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>January 10, 2020</u>. Reply expert reports from the party with the initial burden of proof are due on or before <u>February 7, 2020</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert

MEI 30497035v.1

reports, the parties shall provide the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before April 17, 2020.

(b) Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

16. Case Dispositive Motions.

(a) No early motions without leave. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 26, 2020. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b) Motions to be Filed Separately. A party shall not combine multiple motions seeking separate and distinct relief into a single motion.

(c) Word limits combined with *Daubert* motion word limits. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs. The text for each brief shall be

14point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d) <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[3] Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

(e) <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often

---

[3] A party does not satisfy the requirements of this paragraph by stating that an accused instrumentality infringes an asserted claim or asserted claim limitation. The party must detail each material *fact* in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

MEI 30497035v.1

be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 7 and 11 of this Order.

(f) <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(g) <u>Affidavits and declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(h) <u>Scope of Judicial Review</u>. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather

MEI 30497035v.1

will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

17. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18. <u>Pretrial Conference</u>. On <u>September 8, 2020</u>, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at <u>11:00 a.m.</u> The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 7 and 11 of this Order.

19. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall

10

be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 7 and 11 of this Order.

20. <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 11 of this Order.

21. <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to <u>cfc_civil@ded.uscourts.gov</u>.

22. <u>Trial</u>. This matter is scheduled for a <u>7-day jury trial</u> beginning at 9:30 a.m. on <u>September 21, 2020</u>, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

ME1 30497035v.1

23. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

SO ORDERED this 23d day of May, 2019

_____
The Honorable Colm F. Connolly
United States District Court Judge

## EXHIBIT A

### *ViiV Healthcare Company, et al. v. Gilead Sciences, Inc.*

| Event | Date |
|---|---|
| Plaintiff's identification of accused products, damages model, and the accused product(s); Parties serve initial disclosures | June 21, 2018 |
| Protective Order entered | August 7, 2018 |
| Plaintiff's production of initial claim chart | September 20, 2018 |
| Defendant's production of initial invalidity contentions | October 25, 2018 |
| Identification of Claim Terms | November 15, 2018 |
| Joint Claim Construction Chart | December 13, 2018 |
| Opening Claim Construction Brief | January 8, 2019 |
| Responsive Claim Construction Brief | January 24, 2019 |
| Plaintiff's Reply Claim Construction Brief | February 7, 2019 |
| Defendant's Surreply Claim Construction Brief | February 14, 2019 |
| Joint Claim Construction Brief | February 20, 2019 |
| Joinder of Parties, Amend/Supplement the Pleadings (except unenforceability) | February 21, 2019 |
| Hearing on Claim Construction | March 20, 2019 (11:00 a.m.) |
| Substantial completion of document production | June 14, 2019 |
| Final Supplementation of Accused Products and Invalidity References | July 19, 2019 |
| Amend/Supplement the Pleadings (Unenforceability) | August 5, 2019 |
| Plaintiff's production of final infringement contentions | September 13, 2019 |
| Defendant's production of final invalidity contentions | September 13, 2019 |
| Close of Fact Discovery | October 4, 2019 |
| Opening Expert Reports | November 15, 2019 |
| Rebuttal Reports | January 10, 2020 |
| Reply Reports | February 7, 2020 |
| Close of Expert Discovery | April 17, 2020 |
| Case Dispositive Motions | May 26, 2020 |
| Joint Pretrial Order | September 2, 2020 (5:00 p.m.) |
| Proposed *Voir Dire*, Preliminary Jury Instructions, Final Jury Instructions, Special Verdict Forms | September 2, 2020 (5:00 p.m.) |
| Pretrial Conference | September 8, 2020 (11:00 a.m.) |
| Trial (7 days) | September 21, 2020 (9:30 a.m.) |