IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD. and VIIV HEALTHCARE UK (NO. 3) LIMITED, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 18-224 (CFC) (CJB) |
| GILEAD SCIENCES, INC., | ) ) ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM JACK B. BLUMENFELD REGARDING
<u>SUBMISSION OF ADDITIONAL EXPERT REPORTS</u>**

OF COUNSEL:

Adam K. Mortara
J. Scott McBride
Mark S. Ouweleen
Matthew R. Ford
Nevin M. Gewertz
Tulsi E. Gaonkar
Rebecca T. Horwitz
Madeline W. Lansky
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60654
(312) 494-4400

Meg E. Fasulo
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO  80202
(303) 592-3100

Nao Takada
TAKADA LEGAL, P.C.
112-01 Queens Blvd.
Forest Hills, NY  11375
(212) 380-7804

April 6, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Sarah E. Simonetti (#6698)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
ssimonetti@mnat.com

*Attorneys for Defendant Gilead Sciences, Inc.*

Dear Judge Burke:

Gilead has moved for leave to serve six additional expert reports. D.I. 212, Exs. A-F. These reports address: (1) new scientific publications that bear on the central question of infringement; (2) new matter relating to infringement raised for the first time in ViiV's reply reports; and (3) flawed economic modeling from ViiV's new damages expert submitted for the first time in reply. Shortly after the exchange of reply reports on February 7, Gilead asked ViiV to consent to these supplemental/sur-reply reports. The parties conducted a telephonic meet and confer on March 12, 2020 but were unable to reach agreement. D.I. 212, Exs. G-H.

**1. Background.** Gilead and ViiV both market drugs that treat HIV by inhibiting the activity of the HIV integrase enzyme and preventing the integration of viral DNA into human DNA. These drugs are called integrase strand-transfer inhibitors, or INSTIs. ViiV alleges that Gilead's INSTI compound (bictegravir) infringes ViiV's patent on its own INSTI compound (dolutegravir) under the doctrine of equivalents. A central inquiry on liability is whether Gilead's bictegravir and ViiV's patented dolutegravir are "insubstantially different."

**2. Legal Standard.** Rule 37 prohibits expert disclosures outside of the Court's scheduling order unless the disclosure is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26(a)(2)(D). Courts conduct this inquiry using the *Pennypack* factors, which examine: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld." *TQ Delta, LLC v. 2Wire, Inc.*, No. 13-1835-RGA, 2019 WL 1529952, at *1-2 (D. Del. Apr. 9, 2019) (citation omitted).

None of the experts offering supplements or sur-replies have been deposed or even have depositions scheduled, so ViiV will have time to prepare and thus will not be prejudiced. The additional reports are written and will not impact the schedule or the trial date. Finally, throughout the meet-and-confer process and this motion for leave, Gilead has acted in good faith. Accordingly, this letter focuses on the importance of the information Gilead seeks to present.

**3. Gilead Should Be Permitted To Serve Three Supplemental Expert Reports To Discuss Newly Published Research.** Gilead requests leave to serve supplemental rebuttal reports from Drs. MacMillan, Reynolds, and Richman to address new, recently published scientific research. D.I. 212, Exs. A-C.

After Gilead served its non-infringement rebuttal reports, but before ViiV served its reply reports, new HIV research was published that bears directly on the question of infringement. Specifically, two articles were published in the journal *Science* that describe substantial differences between bictegravir and dolutegravir. *Id.*, Exs. I, J. Nicola Cook and others published an article that uses a virus similar to HIV, simian immunodeficiency virus, to describe how dolutegravir and bictegravir bind differently to integrase, the enzyme targeted by INSTIs. *Id.*, Ex. I. And Dario Passos and others published an article that describes how bictegravir is the "most broadly potent of all clinically approved INSTIs" and presents data that shows differences in the resistance profiles of bictegravir, dolutegravir, and other INSTIs. *Id.*, Ex. J at 1.

The Honorable Christopher J. Burke
April 6, 2020
Page 2

By an accident of publication timing, ViiV's experts were able to address the two *Science* articles over many pages in their reply reports—in fact, one ViiV expert is an author of the Cook article, although he failed to mention the article or its data in his opening report. *Id.*, Ex. K.[1] Preventing Gilead's experts from responding would be a windfall for ViiV. Accordingly, Gilead asks the Court for leave to serve the supplemental expert rebuttal reports from Drs. MacMillan, Reynolds, and Richman to address these articles.

In addition, after Gilead served its non-infringement rebuttal reports, new research was presented at the world's preeminent HIV conference (CROI). This research shows that bictegravir suppresses particular mutant forms of HIV integrase longer than dolutegravir after treatment is stopped and has improved activity against these integrase mutants—making bictegravir a different (and better) drug. *Id.*, Ex. C ¶¶ 6-8; *Id.*, Ex. N. Dr. Richman's proposed supplemental report also addresses this new data, which is important for noninfringement and provides some of the latest research reinforcing the differences between bictegravir and dolutegravir. *See id.*, Ex. N.

**4. Gilead Should Be Permitted To Provide Two Sur-Reply Reports On Questions Related To Noninfringement.** ViiV submitted reply reports from two new experts, Dr. Stephen Byrn and Dr. Jennifer Dressman, who provided opinions on matters not included in ViiV's opening reports. *Id.*, Exs. O, P. Gilead requests leave to serve sur-reply reports from Drs. Morris and Taft to address these new opinions. *See id.*, Exs. D, E.

Dr. Byrn provided new and previously undisclosed infringement opinions based on infrared spectroscopy in reply. *Id.*, Ex. D ¶¶ 2-4. Although ViiV's six opening expert reports included several sections on the supposed similarities between bictegravir and dolutegravir, none involved infrared spectroscopy. Similarly, Dr. Dressman provided new and previously undisclosed opinions on pharmacokinetics, formulation, and co-formulation (*i.e.*, how the process by which bictegravir is incorporated into the final pill affects how the body absorbs, distributes, metabolizes, and excretes the drug) in reply. *Id.*, Ex. E ¶ 6 n.2. ViiV's opening reports included no opinions whatsoever regarding formulation and co-formulation.

Drs. Morris' and Taft's proposed sur-reply reports narrowly respond to these new opinions. Dr. Morris's proposed report explains that Dr. Byrn's attempt to define the differences between the crystal structures of bictegravir and dolutegravir is a misuse of infrared spectroscopy, and that Dr. Bryn improperly uses a methodology that is not sensitive to these compounds' chemical structures. *Id.*, Ex. D ¶¶ 5-9. Dr. Taft's proposed report explains the flaws in Dr. Dressman's analysis, such as methodological errors in her attempt to attribute bictegravir's improved pharmacokinetic profile to other drugs co-formulated with bictegravir. *Id.*, Ex. E ¶¶ 3-7.

---

[1] One of Gilead's experts, Dr. Reynolds, requested and received some of the data underlying the Cook article from a different co-author, and Gilead's experts then discussed that data and provided it to ViiV (even though ViiV's expert, as a co-author of Cook, already had it). But Gilead's experts had access only to some of the data, not the authors' analyses and conclusions.

The Honorable Christopher J. Burke
April 6, 2020
Page 3

**5. Gilead Should Be Permitted To Serve A Sur-Reply From Its Damages Expert To Address The Flawed Analyses Introduced By ViiV's New Damages Expert In Reply.** Finally, Gilead asks the Court for leave to serve a sur-reply from its economist, Dr. Christopher Vellturo, to respond to the reply report from ViiV's new expert, Dr. Timothy Simcoe. *See id.*, Ex. F.

ViiV disclosed Dr. Simcoe for the first time in reply in support of its other damages expert. Two of Dr. Simcoe's criticisms are relevant here. First, he identifies a coding error in Dr. Vellturo's nested logit model that created the false impression that the instrumental variables ("instruments") used were performing well, when in fact they needed revision. *Id.*, Ex. R ¶¶ 40-47. Once corrected, Dr. Vellturo's model has robust predictive power, meaning that the model itself squares with how consumers actually behaved across a wide set of data. *See id.*, Ex. S, Vellturo Errata to Rpt. ¶ 3. But rather than selecting good instruments as Dr. Vellturo does in his errata, Dr. Simcoe uses poor instrument sets, re-runs the model, and claims that the results show Dr. Vellturo's model is unreliable. In short, Dr. Simcoe uses instruments that are designed to fail.

Second, Dr. Simcoe builds a simplified nested-logit based simulation that he claims contradicts Dr. Vellturo's conclusions about which products are the closest substitute for other products. Dr. Simcoe argues that Dr. Vellturo's conclusions about substitutability make the model unreliable. *Id.*, Ex. R, ¶¶ 38-42. Dr. Simcoe's simulation, however, is based on an oversimplification of the model and a number of flawed assumptions that render it unhelpful and misleading.

Due to the limited scope of a response under Rule 26(e), Dr. Vellturo could not address Dr. Simcoe's alternative model specifications or his flawed simulation in his January 10 errata. Gilead seeks leave to do so through a sur-reply. *See* Fed. R. Civ. P. 26(e) (describing duty to supplement where "the disclosure or response is incomplete or incorrect").

ViiV seeks billions of dollars in damages. The purpose of Dr. Simcoe's report appears to be to tee up a *Daubert* motion regarding Dr. Vellturo's lost-profits analysis and limit Gilead's defenses before the jury. *See* D.I. 212, Ex. R ¶ 10(d)("[I]t is my opinion that Dr. Vellturo's nested logit model and estimates of ViiV's lost profits are not reliable."). Dr. Vellturo should be able to explain why Dr. Simcoe's criticisms of the reliability of his model are unfounded. A denial of a sur-reply would unduly prejudice Gilead and undermine a resolution of this litigation on the full merits. Dr. Vellturo should have the opportunity to respond so that the Court and jury will have all appropriate information before them when evaluating ViiV's demand for billions of dollars in damages.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac

cc:   All Counsel of Record (via electronic mail)