# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD., and VIIV HEALTHCARE UK (NO. 3) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | C.A. No. 1:18-cv-00224-CFC-CJB<br><br>JURY TRIAL DEMANDED<br><br><br><br>PUBLIC VERSION FILED: April 27, 2020 |

## LETTER DATED APRIL 16, 2020 FROM DANIEL M. SILVER, ESQ. TO MAGISTRATE JUDGE BURKE

OF COUNSEL:

John M. Desmarais
Justin P.D. Wilcox
Laurie N. Stempler
Todd L. Krause
Alyssa B. Monsen
Lindsey E. Miller
Kyle G. Petrie
Thomas J. Derbish
Julianne M. Thomsen
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
(212) 351-3400
jdesmarais@desmaraisllp.com
jwilcox@desmaraisllp.com
lstempler@desmaraisllp.com
tkrause@desmaraisllp.com
amonsen@desmaraisllp.com
lmiller@desmaraisllp.com
kpetrie@desmaraisllp.com
tderbish@desmaraisllp.com
jthomsen@desmaraisllp.com

MCCARTER & ENGLISH, LLP

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs,*
*ViiV Healthcare Company, Shionogi & Co.,*
*Ltd., and ViiV Healthcare UK (No. 3) Limited*

ME1 32941399v.1

Dear Magistrate Judge Burke:

Now that its principal expert witness has been exposed for relying on misleading evidence, Gilead tries to bury his misdeeds by withdrawing the "experimental work" presented for the first time in the MacMillan Reply Report. (D.I. 228 at 1.) Because Gilead has no justification for the withdrawn material or its delay in withdrawing it, Plaintiffs (collectively, "ViiV") request that the Court order Gilead to pay ViiV's expenses for responding to that material, including attorneys' fees and expert costs. Although Gilead continues to oppose ViiV's motion to strike the new arguments and evidence related to the computational and mathematical work in the MacMillan and Paton Reply Reports, the Court should strike those portions of Gilead's reports.

### 1. Gilead Should Pay ViiV's Expenses Regarding the Withdrawn Experimental Work

Over two months after serving the MacMillan Reply Report and after ViiV's countless requests for underlying data, preparation of a sur-reply report, and motion to strike, Gilead now abruptly withdraws the new evidence and arguments in the MacMillan Reply Report related to "experimental work."[1] (D.I. 228 at 1.) Gilead hopes to avoid having its expert's bad acts more fully exposed, and ViiV is stuck with the bill for the significant expenses it incurred exposing them. The Court "may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 356 (D. Del. 2015) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).

Here, Gilead's bad faith and vexatious conduct are clear. Gilead sandbagged ViiV with voluminous undisclosed data in its reply reports and then delayed the production of that underlying data for as long as possible. (*See* D.I. 216 at 2-3; *id*. at 2 n.3.) Gilead now seeks to withdraw a portion of the offending material from scrutiny by the Court, and an inspection of the MacMillan Reply Report shows why. The report, and particularly the experimental work that Dr. MacMillan ***personally directed***, is rife with errors and raises significant questions of scientific integrity.[2]

ViiV's attorneys spent weeks reviewing hundreds of pages of laboratory notebooks and thousands of data files produced by Gilead related to Dr. MacMillan's experimental work, preparing correspondence, and conducting telephone conferences to obtain from Gilead the necessary evidence in the first place. (D.I. 216 at 2; *id*. at 2 n.3, 5.) In addition, ViiV's expert Dr. Peter Wipf prepared a detailed sur-reply report responding to the new arguments and evidence now being withdrawn. (D.I. 216, Ex. C.) In light of Gilead's egregious conduct, ViiV requests that the Court sanction Gilead by compensating ViiV for its wasted time and effort.

### 2. Computational/Mathematical Work of Drs. MacMillan and Paton Should Be Stricken

Despite withdrawing a portion of the new material in the MacMillan Reply Report, Gilead opposes ViiV's motion to strike similarly improper portions of the same report and the entirety of Dr. Paton's Reply Report. While Gilead argues that these are entirely separate issues, they are not. Dr. MacMillan's experimental and mathematical work and Dr. Paton's computational work were

---

[1] Gilead objects to paragraphs 35-77, 79-144, and portions of 159-182 in Dr. Wipf's Sur-Reply Report. (D.I. 228 at 1 n.1.) However, Gilead does not argue that it is prejudiced by these paragraphs or explain why it "considers [them] improper." (*Id*.) Apparently Gilead hopes to silence Dr. Wipf from speaking about Dr. MacMillan's misdeeds, which go directly to Dr. MacMillan's lack of credibility. Thus, the Court should disregard Gilead's conclusory objections.

[2] D.I. 216, Ex. C, Wipf Sur-Reply Report ¶ 120 ("Several of Dr. MacMillan's conclusions are not simply unsupported by experimental data; they are actually directly contradicted by the experimental data."); *id*. ¶ 124 ("I noticed many instances where NMR spectra for different experiments appear to be identical to one another.").

not performed in response to Dr. Wipf's rebuttal expert report. (*See* D.I. 216 at 1-2.) Gilead admits this work began ***before*** it had submitted its opening reports. (D.I. 228 at 5.) Moreover, the experimental and computational work go hand-in-hand. ViiV's efforts to assess the experimental work—though now withdrawn—were an ***enormous distraction*** that forced ViiV to divert valuable resources away from more fully analyzing and responding to the new computational and mathematical work that Gilead argues should not be stricken.

Gilead's reliance on *Helios Software, LLC v. SpectorSoft Corp.*, No. 12-081-LPS, 2014 WL 4796111 (D. Del. Sept. 18, 2014) is misplaced. In *Helios*, a reply report was prepared by the ***same*** expert who had prepared the opening report; the product testing in the reply report was performed ***after***, and in direct response to, the rebuttal report's criticism that no testing had been conducted. *Id*. at *3. Whereas here, the computational work was performed by an ***entirely new*** expert (Dr. Paton) in an ***entirely different*** field of study, and that work began even ***before*** Gilead's opening report had been served. In fact, courts have stricken expert reports where an expert chooses to include evidence in reply that was available while drafting an opening report—particularly where the arguments in the rebuttal are, like here, "nothing at all surprising." *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. CV 12-193-LPS, 2017 WL 478565, at *3-4 (D. Del. Jan. 31, 2017). Indeed, Gilead admits that it "prepared" the computational evidence because it expected ViiV to argue that its opinions lacked evidence. (*See* D.I. 228 at 5.)

Gilead argues that even if the Court determines that its new computational and mathematical material is improper, it should "not strike critical evidence" without a showing of bad faith. (D.I. 228 at 4.) This argument fails for at least two reasons. First, by Gilead's own admission, the new material is not critical to its invalidity defense. Gilead represented that Dr. MacMillan decided ***not*** to rely on the challenged material in his opening report because "[he] concluded that the lack of adequate disclosure in the patent and cited literature was sufficient to show the patent's invalidity." (D.I. 228 at 5.) Second, as explained above, Gilead acted in bad faith both when it (a) failed to disclose the ongoing experimental, mathematical, and computational work in its opening report, and (b) then repeatedly delayed production of tainted data underlying these new arguments. (*See* D.I. 216 at 2-3; *id*. at 2 n.3.)

In addition, Gilead incorrectly asserts that ViiV was not prejudiced by Gilead's delayed introduction of the new computational and mathematical arguments. (D.I. 228 at 4-5.) Gilead's late disclosure of its new evidence critically limited ViiV's ability to analyze and respond to that evidence, while also responding to Gilead's since withdrawn experimental work.[3] Further, Dr. Wipf did not challenge Dr. MacMillan's original mathematical analysis, and thus the new mathematical analyses of Drs. MacMillan and Paton were unnecessary and unresponsive. (*See* 228, Ex. B, Wipf Rebuttal Report ¶ 137.)

For these reasons, the Court should strike the new material in the Paton and MacMillan Reply Reports.

---

[3] Gilead also argues there was no prejudice because ViiV failed to "prove that even one of these compounds could be made." (D.I. 228 at 4 n.4.) But that is not ViiV's burden. Moreover, ViiV did not know which compounds Gilead would attempt to synthesize or model until their delayed disclosure in the MacMillan and Paton Reply Reports.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)


cc:     All Counsel of Record (via CM/ECF and electronic mail)

3

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on April 16, 2020 on the following counsel in the manner indicated:

### **VIA EMAIL**

Jack B. Blumenfeld
Jeremy A. Tigan
MORRIS, NICHOLS, ARSHT & TUNNEL LLP
1201 North Market Street
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

Adam K. Mortara
J. Scott McBride
Mark S. Ouweleen
Matthew R. Ford
Nevin M. Gewertz
Tulsi E. Gaonkar
Rebecca T. Horwitz
Madeline W. Lansky
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
mark.ouweleen@bartlit-beck.com
matthew.ford@bartlit-beck.com
nevin.gewertz@bartlitbeck.com
tulsi.gaonkar@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com
madeline.lansky@bartlitbeck.com

Meg E. Fasulo
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3100
meg.fasulo@bartlitbeck.com

Nao Takada
TAKADA LEGAL, P.C.
112-01 Queens Blvd.
Forest Hills, NY 11375
(212) 380-7804
naotakada@takadalegal.com

*Attorneys for Defendant Gilead Sciences, Inc.*

Dated: April 16, 2020

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)