IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD. and VIIV HEALTHCARE UK (NO. 3) LIMITED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 18-224 (CFC) (CJB) |
| v. | ) ) | |
| GILEAD SCIENCES, INC., | ) ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF FOR BAYER AG SUPPORTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

<div style="margin-left:40%">

Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
amayo@ashbygeddes.com

</div>

*Of Counsel:*

Paul J. Skiermont
Sarah E. Spires
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600

<div style="margin-left:40%">

*Attorneys for Amicus Curiae,
Bayer AG*

</div>

Dated:  June 10, 2020

Bayer AG ("Bayer") hereby seeks leave to file an *amicus curiae* brief in the above-captioned litigation in support of Defendant's Motion for Summary Judgment of non-infringement based on the specific exclusion doctrine. Should this request for leave be granted, Bayer further respectfully requests that the Court enter into the record as Bayer's *Amicus Curiae* Brief, the proposed Brief attached hereto as Exhibit 1 (the "Bayer Brief"). On Friday, May 29, 2020, Bayer's counsel sought the consent of the parties for filing the Bayer Brief. Defendant's counsel consented and Plaintiffs' counsel did not consent.

## I.   LEGAL STANDARD

Although there is no rule governing the appearance of an *amicus curiae* in district courts, it is well-established that district courts have the inherent authority to permit *amicus curiae* to assist such courts where amici have a substantial interest in bringing useful information to the court's attention, and where a third party has a unique perspective or information that can contribute to the court's understanding of the matter in question. *See, e.g.*, *Alliance of Auto. Mfrs. V. Gwadowsky*, 297 F. Supp. 2d 305, 206 (D. Me. 2003); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C.); *United States v. Apple*, No. 12 Civ. 2826, 2012 WL 3195653, *2 (S.D.N.Y. Aug. 6, 2012); *Merritt v. McKenney*, 2013 WL 4552672, *3 (N.D. Cal. Aug. 27, 2013) (noting "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as

amicus must merely make a showing that his participation is useful or otherwise desirable to the court").

Judges in this District have also allowed *amici* to file briefs and present information relevant to the underlying proceeding. *See, e.g.*, *United States v. Gordon*, 334 F. Supp. 2d 581, 582-586 (D. Del. 2004); *In re Cont'l Airlines, Inc.*, 148 B.R. 207, 208 (D. Del. 1992). It is advisable to permit such a brief where it can contribute to the court's understanding of certain factual and legal issues in a case. *Harris v. Pernsley*, 820 F.2d 592, 603 (3rd Cir. 1987) ("permitting persons to appear in court, [as] friends of the court…may be advisable where third parties can contribute to the court's understanding of the consequence of" the action). The role of *amici* is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by [e]nsuring a complete and plenary presentation of difficult issues so the court may reach a proper conclusion." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3rd Cir. 1991).

Under Fed. R. App. P. 29, when a party does not consent, Rule 29(b) provides that the motion for leave to file must be accompanied by the proposed brief and must state: (1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002,

Alito, J.); *see also id.* at 133 (permitting amicus brief satisfying this test "because it alerts the merits panel to possible implications" of the case). Finally, there is no requirement in this Circuit that an *amicus curiae's* submission must be impartial to the outcome, or refrain from advocating a point of view that a cause may be won by one party or another—while that "was once accurate"—it "became outdated long ago." *Id.* at 131-133 (citing Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy*, 72 Yale L.J. 694, 703 (1962)).

As further set forth in the following section, the above authority supports the Court's exercise of its discretion to accept the proposed Bayer Brief.

## II. BAYER'S SPECIALIZED INTERESTS AND EXPERTISE DEVELOPING NEW PHARMACEUTICAL COMPOUNDS IS RELEVANT AND WILL ASSIST THE COURT

Bayer has a significant interest in the outcome of Defendant's pending motion for summary judgment, and the proposed Bayer Brief would contribute to the Court's understanding and resolution of the pending motion. The proposed Bayer Brief is succinct and focused—its word count is less than half the word count limit of Defendant's brief in support of its motion for summary judgment (consistent with appellate practice for *amici*). The parties will suffer no prejudice from this motion for leave. As noted above, although Defendant consented to Bayer's filing and Plaintiffs did not, the present Motion attaching the Bayer Brief has been filed after the parties' principal briefs were submitted but before the

briefing and argument on Defendant's motion has closed—and thus the parties will have an opportunity to address the proposed Bayer Brief if and when this Court deems it appropriate.

Bayer is a global life science enterprise researching improvements in human, animal, and plant health in three divisions—Pharmaceuticals, Crop Science, and Consumer Health. Innovation is a cornerstone of Bayer, and the company proudly lives an innovation culture across national borders and areas of research. In 2019 alone, Bayer had more than 16,000 employees devoted to research and development and it invested nearly $6 billion in research and development. For more than 150-years, Bayer and its scientists have invented products that improve the daily lives of millions of people. Bayer scientist Felix Hoffmann first synthesized acetylsalicylic acid in 1897 to treat his father's arthritis pain. Bayer marketed that medicine under the trade name of aspirin and earned a U.S. patent for its invention. Bayer also pioneered Prontosil, the first widely used antibiotic and subject of the 1939 Nobel Prize in Medicine—as well as ciprofloxacin, which also earned a U.S. patent and became one of the most widely prescribed antibacterial antibiotics. Bayer's innovations developing new drug compounds continue to this day.

As such, Bayer is particularly well-suited to assist the Court in resolving Defendant's motion for summary judgment directed to Plaintiffs' DOE theory of

{01574163;v1 }                                        4

infringement. The proposed Bayer Brief contains argument as to the scope of DOE infringement of new chemical compounds in view of the specific exclusion doctrine. It also provides the Court with information about the nature of new chemical compound development, and how pharmaceutical innovators like Bayer rely on the specific exclusion doctrine.

Bayer is also moving to appear as *amicus curiae* here because its own substantial interests in pharmaceutical innovation would be undermined if Plaintiffs' unprecedented theory of DOE infringement is permitted to proceed to trial—where the only asserted claim consists of the specific structure for one new chemical compound and its stereoisomers, and the accused product is a different compound with a different structure than specifically claimed.

Bayer is represented in almost every country around the globe. In each of those countries, it relies on local patent laws to safeguard its scientific innovations. The proposed Bayer Brief shows how pharmaceutical innovators like Bayer rely on the public notice function of U.S. patent laws to determine where they have the freedom to develop new drug products and to protect it from unfounded claims that its innovative drug compounds infringe patents covering *different* chemical compounds.

As recounted in the proposed Bayer Brief, Bayer's experience in pharmaceutical innovation, and its strong interest in the fair, efficient, and

predictable administration of U.S. patent laws to facilitate such innovation, makes it well-suited to offer the Court a pharmaceutical innovator's perspective from a non-party that is not here seeking, nor exposed to, substantial infringement damages—concerning the importance of the specific exclusion doctrine to the development of innovative new drug compounds.

## CONCLUSION

For the reasons detailed above, Bayer respectfully seeks permission to file the brief that accompanies his motion and requests this motion be granted.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____

Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
amayo@ashbygeddes.com

*Of Counsel:*

Paul J. Skiermont
Sarah E. Spires
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600

*Attorneys for Amicus Curiae,*
*Bayer AG*

Dated:  June 10, 2020