

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

December 29, 2021

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

      RE:  *ViiV Healthcare Company, et al. v. Gilead Sciences, Inc.*,
            C.A. No. 18-224-CFC-CJB

Dear Chief Judge Connolly:

      We write on behalf of Plaintiffs (together "ViiV") in response to Gilead's December 28, 2021 letter request for a continuance. ViiV opposes Gilead's belated request to continue this trial yet again, as Gilead has failed to demonstrate the requisite good cause to continue the trial, and its claims of prejudice are generic and unsubstantiated.

      While the COVID-19 pandemic raises serious public and individual health concerns, the Court has safely tried a number of jury trials (including in the last few weeks). The Court has thoughtfully implemented procedures to safeguard the health of the Court personnel, jurors, lawyers and witnesses. Those procedures include: (1) confirmation of vaccination for all witnesses and trial participants, (2) dismissal of unvaccinated jurors from the venire (with the parties' consent); (3) dismissal of jurors with particularized health concerns; (4) mandatory masking in the courtroom; and (5) social distancing for jurors (*see* December 27, 2021 Oral Order (ordering a jury of eight to facilitate appropriate social distancing)). These procedures substantially reduce the risk of the spread of the COVID-19 virus to trial participants.

December 29, 2021
Page 2

Against this backdrop, the unsubstantiated "significant concerns" of some unspecified "Gilead witnesses and trial team members" are insufficient to justify postponing this trial yet again. Gilead is, of course, welcome to present its witnesses remotely via Zoom or another format, which parties have done successfully in numerous other trials (including in *Drumgo v. Kuschel*, 14-1135-CFC, where the undersigned presented the testimony of incarcerated witnesses out of necessity via Zoom). There is simply no need to upend the trial, and certainly none demonstrated by Gilead.

Indeed, just last week, counsel for the parties appeared at the Pretrial Conference and expressed their desire and willingness to go forward with trial. Gilead's letter points to the Delaware Supreme Court's *recommendation* (not mandate) regarding the postponement of jury trials, but *this Court* has already considered that (PTC Tr. at 4:20-25), and indicated it intends to move forward with the trial on January 10th. Similarly, the Federal Circuit's decision to conduct oral arguments remotely is not a persuasive consideration, as the Federal Circuit can readily conduct its business in that format – the same cannot be said for jury trials. Nor is Judge Noreika's recent postponement of a trial compelling, because: (1) Judge Noreika's Oral Order provides no explanation for the continuance (C.A. No. 18-1802-MN at D.I. 393); and (2) in this Court, each individual judge manages their docket as they see fit (PTC Tr. 4:20-25).

Gilead's claim of prejudice – that ViiV would unfairly benefit from seeing Gilead's witness examinations in advance of a theoretical retrial – rings hollow. The parties will be equally affected in this regard by any premature termination of the trial, as they will have seen each other's opening statements and witness examinations. However, <u>ViiV will be prejudiced</u> by any continuance, as Gilead continues to generate publications for purposes of this litigation, which it seeks to use as substantive evidence in this case. (PTC Tr. 108:14-109:25) Accordingly, a continuance would unfairly benefit Gilead and prejudice ViiV.

In sum, Gilead has failed to demonstrate the requisite good cause for delaying this trial yet again, and it simply does not exist. Nor will Gilead suffer any unique or undue prejudice from proceeding as scheduled; ViiV, however, will

be prejudiced by another delay. For all of these reasons, ViiV respectfully requests that Gilead's belated request for a continuance be denied so that the parties may continue focusing their efforts on preparing for the upcoming trial.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: All Counsel of Record (via CM/ECF and Electronic Mail)